UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANESSA JORDAN-ROWELL,

                              Plaintiff,

          -against-

INTERNAL REVENUE SERVICE,

                              Defendant.

22-CV-6633 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*.[1] Plaintiff received a letter from the Internal Revenue Service (IRS) stating that she had claimed a frivolous position in her 2020 federal income tax returns and was potentially subject to civil and criminal penalties. Plaintiff sues the IRS, seeking damages and payment of her claimed refund, which exceeds $30 million.

For the reasons set forth below, the Court dismisses Plaintiff's complaint.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks

---

[1] On August 16, 2022, the Court received Plaintiff's payment of the filing fees.

omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Janessa Jordan-Rowell makes the following allegations:

> I would like to sue the IRS for one million to one billion dollars for sending me a letter about my 1040 forms filed for the tax year of 2020 as reported to SSA salary and wages and paystubs online receipts of sales from online websites. the IRS send me a letter stating that they was given me a penalty of $5,000 or jail time for filing my 1040 forms for the year 2020 the products are real and the merchandise does sale online I do not understand what this letter was about but everything is real and legal and legitimate the taxes was filed for the year of 2020 there was three 1040 forms filed for Apple Shoe Store black doll baby clothing and bossy stoats winery & the IRS transcripts is attached to this compliant on the last page of this summon and compliant.

(ECF 1 at 5-6.)[2]

In terms of the relief that Plaintiff is seeking, she writes:

> I would like the IRS to process all of my tax returns that I filed and give me my refunds from my wages and salary and earning of what I work for.

(*Id.* at 6.)

Plaintiff attaches to her complaint various documents, including: (1) her 2020 W-2 form from Apple Shoe Store indicating that she earned wages and compensation of $1,144,060.00, and that $389,512.60 in federal income taxes were withheld (*id.* at 20); (2) her 2020 W-2 form from Black Doll Baby indicating wages and compensation of $1,096,060, and federal tax withholding of $373,132.41 (*id.* at 31); (3) documents from Bossy Stoats Winery indicating that Plaintiff earned wages and compensation of $50 million and that $50 million in federal income taxes were

---

[2] All spelling and punctuation in the quoted material is from the original.

withheld (*id*. at 47); (4) a 1040 income tax return declaring gross income of $50 million, seeking

a refund amount of approximately $30 million, and indicating that $730,907.00 should be paid

toward "tax bill debt" rather than being refunded to her (*id.* at 49); and (5) Plaintiff's June 8,

2021, letter to the IRS stating that "you can take these amounts that is owed out of my 1040 form

2020 refund for Bossy Stoats Winery" of more than $31 million (*id.* at 53).

> Plaintiff also attaches a May 26, 2022 letter from the IRS that states:
>
> You filed a purported tax return for the tax period [ending December 31, 2020]
> that claimed one or more frivolous positions or reflected a desire to delay or
> impeded administration of the tax laws. If you don't immediately correct your
> return, we'll assess a $5,000 penalty against you.
>
> People who violate the tax laws may be subject to federal criminal prosecution
> and imprisonment. . . .You included a claim of refundable credits to which you're
> not entitled. . . .
>
> Once you withdraw your purported returns, we'll disregard the frivolous
> documents you filed and we will not assess the frivolous tax return penalty . . . . .

(*Id.* at 11.)

> In addition, Plaintiff attaches to her complaint a "Request for Appeals Review" signed on

August 1, 2022, two days before she filed this complaint.

## DISCUSSION

> "Because an action against a federal agency or federal officers in their official capacities

is essentially a suit against the United States, such suits are . . . barred under the doctrine of

sovereign immunity, unless such immunity is waived." *Robinson v. Overseas Military Sales*

*Corp.*, 21 F.3d 502, 510 (2d Cir.1994); *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)

("Sovereign immunity is a jurisdictional bar"). Plaintiffs bear the burden of showing that

Congress waived sovereign immunity with respect to their claims. *See United States v. Mitchell*,

463 U.S. 206, 212 (1983); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

A.      **Challenge to tax determination**

"[W]hile the United States has provided for suits against the Government to recover taxes

alleged to have been overpaid or wrongfully assessed and collected, it has also developed a series

of procedural hurdles that taxpayers must surmount in order to maintain such suits" in federal

district courts. *United States v. Forma*, 42 F.3d 759, 763 (2d Cir. 1994) (relying on 28 U.S.C.

§ 1346(a)(1)). If a taxpayer believes she was improperly assessed federal taxes, the taxpayer has

two options for challenging the IRS determination. One possibility is for the taxpayer to directly

petition the Tax Court for a redetermination of the tax liability. 26 U.S.C. § 6213.

Alternatively, a taxpayer may pay the assessed tax and then file an administrative claim

for a refund. *See Roberts v. I.R.S.*, 468 F. Supp. 2d 644, 649-50 (S.D.N.Y. 2006), *aff'd*, 297 F.

App'x 63 (2d Cir. 2008). If the administrative claim is unsuccessful, the taxpayer may then

commence an action for a refund in federal district court. *See* 26 U.S.C. § 7422(a) ("No suit or

proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged

to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit

has been duly filed with the Secretary . . . ."); *see also Perry v. Wright*, No. 12-CV-0721 (CM),

2013 WL 950921, at *4 (S.D.N.Y. Mar. 8, 2013) (the "pay now, fight later" mantra provides that

a "taxpayer may pay the assessed tax and then file an administrative claim for a refund"); 26

C.F.R. § 601.103(c)(3) (discussing filing an administrative claim for a tax refund). The

administrative claim must be filed within three years from the time the relevant tax return was

filed, or two years from the time the tax was paid, whichever period expires later. *See* 26 U.S.C.

§ 6511(a).

If the IRS issues a decision denying the administrative claim, in whole or in part, the

claimant can bring suit in federal court within two years from the date of the mailing of the

administrative decision. *See* 26 U.S.C. § 6532(a)(1). If the IRS does not issue a decision within

six months of the administrative claim filing date, the claimant can bring suit when the six-month period expires. *See id.* Before bringing suit in federal district court, a claimant must also pay the assessed tax. *See Flora v. United States*, 362 U.S. 145, 177 (1960). The proper defendant for suit in federal court is the United States of America. *See* 26 U.S.C. § 7422(f)(1).

Here, Plaintiff seeks a refund of approximately $30 million in federal income taxes allegedly withheld from her claimed earnings in 2020 of more than $50 million. It appears that the IRS selected her returns for examination and deemed them frivolous.

When the IRS proposes adjustments to a return, a taxpayer who does not agree with the proposed adjustments is ordinarily afforded certain appeal rights. Under federal regulations, at the taxpayer's request, a case will be referred to the Appeals Office, which will afford the taxpayer the opportunity for a conference. 28 C.F.R. § 601.103(c). "The determination of tax liability by the Appeals Office is final insofar as the taxpayer's appeal rights within the [IRS] are concerned." *Id.* Plaintiff appears to indicate that she filed an appeal two days before bringing this suit. The facts alleged thus do not indicate that Plaintiff has received a final decision from the Appeals Office regarding the determination of her tax liability. Plaintiff's suit is therefore premature because she has not exhausted her administrative remedies.

It also appears that the IRS has proposed adjustments to the determination of Plaintiff's tax liability, and Plaintiff does not allege that she has paid any assessed tax before bringing this suit. *Flora*, 362 U.S. at 177. Plaintiff thus has not met her burden of showing that she has satisfied the threshold prerequisites for bringing a tax refund suit. The Court therefore dismisses Plaintiff's claim regarding her tax liability because she has not shown any basis for a waiver of sovereign immunity.

**B.      Damages Against the United States**

In addition to seeking a redetermination of her tax liability, Plaintiff seeks damages from the IRS. Plaintiff does not invoke any statute providing for a waiver of sovereign immunity for her claim for damages against the IRS.

The waiver of sovereign immunity under the Federal Tort Claims Act (FTCA) does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). "The Second Circuit has interpreted this to include tax refunds and other mechanisms for assessing and collecting taxes." *Perry*, 2013 WL 950921, at \*5 *(citing Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 478 (2d Cir. 1995)). The FTCA thus does not waive sovereign immunity for Plaintiff's claim for damages from the IRS.

The Internal Revenue Code does waive immunity for an action against the IRS for wrongful collection of taxes. *See* 26 U.S.C. § 7433(a) (providing that "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision [or the Internal Revenue Code or related regulations], such taxpayer may bring a civil action for damages against the United States in a district court . . . ."). Section 7433 "requires a plaintiff to exhaust administrative remedies with the IRS as a prerequisite to any suit for damages in the district court." *Roberts*, 468 F. Supp. 2d at 650 (relying on 26 U.S.C. § 7433(d)(1)). The waiver is inapplicable here, however, because Plaintiff does not allege that the IRS engaged in a levy or other collection efforts. Plaintiff also does not allege that she exhausted administrative remedies for a challenge to an IRS collection action. Plaintiff thus has not provided sufficient facts to establish a waiver of sovereign immunity for her claims for damages against the United States.

**C.**     **Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, Plaintiff could theoretically cure the defects in her complaint if she amends her complaint to allege facts showing that she has satisfied the prerequisites for a tax refund suit.

There are nevertheless indicia that Plaintiff's claim for a refund of approximately $30 million is frivolous. The IRS has deemed Plaintiff's tax submissions frivolous, and public records of Plaintiff's prior suit, in which she was granted leave to proceed *in forma pauperis* when seeking social security disability benefits, *Jordan-Rowell v. Comm'r of Soc. Sec.*, No. 15-CV-8326, 3 (NSR) (S.D.N.Y. Dec. 21, 2016), also belie her assertions that she owns businesses with annual revenue exceeding $50 million.

The Court dismisses this action but will hold it open for 30 days without entering judgment. If Plaintiff can, in good faith, amend her complaint to plead facts showing that she has satisfied the prerequisites to suit, including paying assessments owed, and has a basis for challenging final administrative decisions of the IRS, she shall submit the amended complaint within 30 days.[3] If Plaintiff does not respond, or if her response shows that she has not satisfied the prerequisites, the Court will dismiss the action for lack of subject matter jurisdiction based on sovereign immunity.

---

[3] Rule 11 of the Federal Rules of Civil Procedure requires a plaintiff, including one who proceeds *pro se*, to make a good faith determination that the factual contentions in a pleading are warranted, and sanctions are available for violations of Rule 11.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction because she has not shown any basis for a waiver of sovereign immunity. The Court will hold this matter open on the docket for 30 days without entering judgment, to allow Plaintiff to file an amended complaint that complies with the standards set forth above.

If Plaintiff chooses to file an amended complaint, it must be submitted to this Court's Pro Se Intake Unit within 30 days of the date of this order, be caption as an "Amended Complaint," and bear the docket number 22-CV-6633 (LTS). No summons will issue at this time. If Plaintiff fails to submit an amended complaint within 30 days, the Court will enter judgment dismissing this matter for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 17, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

\_\_\_\_\_CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
    (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                      Middle Initial       Last Name

_____

Street Address

_____

County, City                      State           Zip Code

_____

Telephone Number             Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                  Zip Code

Defendant 2: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                  Zip Code

Defendant 3: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                  Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                      State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
| --- | --- | --- |
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.